IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID CRUZ, | No. 4:CV 06-2414 |
| Plaintiff | Judge Jones |
| v. | |
| PENNSYLVANIA STATE POLICE, | |
| Defendant | |

# MEMORANDUM

March 9, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before the Court is Defendant Pennsylvania State Police's Motion to Dismiss the Complaint (doc. 9) filed on January 17, 2007. By Order dated January 29, 2007, the Court granted *pro se* Plaintiff David Cruz until February 27, 2007 to file a brief in opposition to the pending Motion. On March 5, 2007, the Court received and filed Plaintiff's Motions for Leave to Amend Complaint (docs. 16 and 17), which were dated February 26, 2007.[1] On March 7, 2007, the Defendant filed a brief in opposition to Plaintiff's Motion for Leave to Amend.

---

[1] Inasmuch as Plaintiff entitled Document 16 as "Leave to Amend Complaint - Responding to Motion to Dismiss Complaint," we shall construe Plaintiff's submissions as opposing the Defendant's pending Motion.

1

(Rec. Doc. 18).

## LEGAL STANDARDS:

### Fed. R. Civ. P. 15, Amending Complaints

Pursuant to Rule 15(a), a party may amend a pleading before a responsive pleading has been served once as a matter of right.  After the filing of a responsive pleading, a party may only amend if given leave of court.  A court shall grant leave when "justice so requires."

### Fed. R. Civ. P. 12(b)(6)

In considering a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), a court must accept the veracity of a plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also District Council 47 v. Bradley, 795 F.2d2 310 (3d

Cir. 1986).

**DISCUSSION**:

Defendant, in its brief in opposition to the Plaintiff's Motion for Leave to Amend, argues that the Court should deny Plaintiff's Motion and grant its pending Motion to Dismiss because amendment would be futile. Defendant argues that the Court lacks jurisdiction over Plaintiff's purported claims and alternatively that the Defendant is entitled to immunity pursuant to the Eleventh Amendment to the United States Constitution.

Defendant submits that because it is a state agency, Plaintiff has not and cannot state a claim against it pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B) (the "FOIA"). Defendant argues, therefore, that allowing Plaintiff to file an amended complaint, inasmuch as it purports to state claims against it pursuant to the FOIA, would be futile.

5 U.S.C. § 522(a)(4)(B) of the FOIA confers jurisdiction upon a court to enjoin an agency of the federal government from withholding agency records from a requester and to order production of documents. The provision, however, applies only to agencies of the government of the United States, and not to States or State agencies like the Defendant, Pennsylvania State Police. See Davidson v. Georgia, 622 F.2d 895, 897 (5th Cir. 1980)(noting that "the Freedom of

Information Act has no application to state governments"); <u>Lathrop v. Juneau & Associates, Inc.</u>, 220 F.R.D. 322, 327(S.D. Ill. 2004); <u>Ferguson v. Alabama Criminal Justice Information Center</u>, 962 F. Supp. 1446 (M.D. Ala. 1997).

Plaintiff's proposed amended complaint states claims against the Defendant pursuant to the FOIA. However, because the FOIA does not apply to a state agency such as the Defendant Pennsylvania State Police, the Plaintiff has failed to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, any amendment would be futile, and the initial complaint shall be dismissed pursuant to Rule 12(b)(6).

Defendant further argues that Plaintiff's proposed amendment is futile because the Defendant is immune from Plaintiff's suit pursuant to the Eleventh Amendment. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

It is well established that the Eleventh Amendment precludes suits against a state in federal court by citizens of that state or other states. <u>College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd.</u>, 527 U.S. 666, 669 (1999); <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89, 98 (1984);

4

Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). The Eleventh Amendment bars suit whenever "the state is the real, substantial party in interest." Edelman v. Jordan, 415 U.S. 651, 663 (1974).

It is apparent from a reading of both Plaintiff's complaint (doc. 1) and the proposed amended complaint that the Plaintiff is attempting to bring a federal action against the state, because the Pennsylvania State Police is of course a state agency, making Pennsylvania the "real, substantial party in interest." Accordingly, the Defendant is immune from suit, protected by the cloak of immunity bestowed upon it by the Eleventh Amendment. Therefore, any attempt to amend by Plaintiff would be necessarily futile for this reason as well.

## CONCLUSION:

Accordingly, based upon the detailed analysis set forth in this Memorandum, we shall deny the Plaintiff's Motions for Leave to Amend Complaint (docs. 16 and 17) because amendment would be futile. Furthermore, construing Plaintiff's Motions as his opposition to the Defendant's Motion to Dismiss, we have considered the merits of the Defendant's pending Motion. Our analysis leads to the inevitable conclusion that the Plaintiff has failed to state a claim upon which relief can be granted and therefore we shall grant the Defendant's Motion (doc. 9) and dismiss the complaint. An appropriate Order

shall issue.

                                            /s/ John E. Jones III
                                            John E. Jones III
                                            United States District Judge